UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJINDER SINGH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ACTING DIRECTOR OF DHS-ICE, et al.,<br><br>　　　　　Respondents. | Case No. 5:19-cv-02417-GW-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. The time for filing objections has expired, and no objections have been filed. However, new developments have occurred subsequent to the filing of the Report and Recommendation that warrant brief discussion.

///

///

///

## BACKGROUND

Petitioner, who was detained at Adelanto Detention Facility ("Adelanto") during his removal proceedings, raises three claims challenging his immigration detention and conditions of confinement. (Pet., ECF No. 1, at 3–4.) On February 6, 2020, Respondents filed a Motion to Dismiss the Petition for lack of jurisdiction and failure to state a claim. (Mot. to Dismiss, ECF No. 8.) Petitioner's Opposition to the Motion to Dismiss was due thirty days after the Motion was filed. (*See* Or. Requiring Response, ECF No. 5, at 2–3.)

On March 30, 2020, after Petitioner failed to file an Opposition to the Motion to Dismiss, the Court issued an Order to Show Cause ("OSC") directing Petitioner to show cause, by no later than May 29, 2020, why the Petition should not be dismissed, and warning Petitioner that his failure to respond could be deemed as consent to granting the Motion to Dismiss pursuant to Local Rule 7-12. (OSC, ECF No. 10.) Petitioner did not file a response to the OSC.

In the Report and Recommendation, which was issued on July 9, 2020, the Magistrate Judge recommended granting Respondents' Motion to Dismiss and dismissing the Petition without prejudice for failure to prosecute and to comply with a court order. (Rep. & Recommendation, ECF No. 13.) Petitioner did not file any objections to the Report and Recommendation.

On June 29, 2020 and again on September 9, 2020, Petitioner filed requests to be released on bail as a member of the class of Adelanto detainees represented in *Hernandez-Roman v. Wolf*, No. 5:20-cv-00768-TJH ("*Hernandez-Roman*") (C.D. Cal. filed Apr. 13, 2020). (ECF Nos. 11, 14.) On October 19, 2020, the Court issued an Order striking these documents and directing Petitioner to submit the bail requests to Adelanto authorities pursuant to the procedure set forth in the *Hernandez-Roman* class action. (Oct. 19, 2020 Or., ECF No. 15.)

///

On November 5, 2020 and again on November 23, 2020, the Court's October 19, 2020 Order striking Petitioner's bail requests was returned as undeliverable. (ECF Nos. 16, 17.)

On December 1, 2020, the Court issued an Order directing Respondents to file a report regarding Petitioner's current detention status, informing the Court of whether Petitioner has been released from immigration detention or removed from the United States. (Dec. 1, 2020 Or., ECF No. 18.)

On December 9, 2020, Respondents filed a response stating that Petitioner was released from Adelanto on October 19, 2020 pursuant to an order of supervised release and attaching a copy of Petitioner's order of supervised release. (Dec. 9, 2020 Response, ECF No. 19.) Respondents argue that Petitioner's conditional release from immigration detention renders the Petition moot. (*Id.* at 2–3.)

## **DISCUSSION**

Federal courts are barred from hearing matters in the absence of a live case or controversy. *See* U.S. Const. art. III, § 2; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To meet the case or controversy requirement of Article III, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

Respondents argue that Petitioner's supervised release renders the Petition moot. (Dec. 9, 2020 Response at 2–3.) In support of this argument, Respondents cite a 1991 case in which the Immigration and Naturalization Service filed a sworn declaration stating that the petitioner would not be re-detained "absent [the petitioner's] reinvolvement with the criminal justice system, a change in the Cuban

government enabling him to return to Cuba, or the willingness of a third country to accept him. . . ." *Pincon-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991). However, the Supreme Court and Ninth Circuit more recently have held that the Department of Homeland Security's conditional release of a petitioner who is subject to re-detention at the discretion of federal authorities does not moot a habeas challenge to immigration detention. *See Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005); *Diouf v. Napolitano*, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117–18 (9th Cir. 2010).

In light of this case law, the Court finds that Petitioner's conditional release has not rendered the Petition moot. However, the Court accepts the Magistrate Judge's Report and Recommendation to grant Respondents' Motion to Dismiss based on Petitioner's failure to file an Opposition and to dismiss the Petition without prejudice for failure to prosecute and to comply with a court order.

**IT THEREFORE IS ORDERED** that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action without prejudice.

DATED: February 19, 2021

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE